**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Charles C. OJUKWA, a/k/a Charles C.**
**Ojukwu, Defendant-Appellant.**

No. 82–1537.

United States Court of Appeals,
Seventh Circuit.

Argued June 6, 1983.

Decided June 16, 1983 *.

Opinion Filed July 21, 1983.

Janice A. Rhodes, Shellow, Shellow & Glynn, S.C., Milwaukee, Wis., for defendant-appellant.

Charles H. Bohl, Asst. U.S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Before BAUER and FLAUM, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

FAIRCHILD, Senior Circuit Judge.

On December 8, 1982 defendant Charles Ojukwu (defendant prefers this spelling) was indicted on one count of conspiracy to make a material false statement to a federally licensed firearms dealer. At his trial, one of Ojukwu's two alleged co-conspirators, Joseph Vopravil, testifed for

---

* This appeal was originally decided by unreported order on June 16, 1983. *See* Circuit Rule 35. The court has subsequently decided to issue the decision as an opinion.

the prosecution. Without objection Vopravil read to the jury a letter signed by the United States Attorney stating that in exchange for his testimony the government would dismiss the pending indictment against him but would not protect Vopravil from prosecution for any perjury. (Tr. 10–11) Following Vopravil's testimony, an investigating agent of the Bureau of Alcohol, Tobacco and Firearms ("ATF") was called to testify. On cross-examination the agent testified that Lynn Midell, the other alleged co-conspirator, was told that the government agreed to "advise his parole and probation people" of his cooperation if Midell would assist the investigators in identifying the third, as yet unknown, co-conspirator (later identified as Ojukwu). (Tr. 128–29) Reminding the agent that Vopravil also was "given a deal by the government," Ojukwu's counsel asked, "So, basically of the three people charged, Charles Ojukwu is the only one who has not been given a deal, is that correct?" and the agent answered, "I believe that to be correct." (Tr. 130) On redirect the prosecution asked the agent to elaborate on the nature of Midell's "deal."

Q. Special Agent Carlson, are you aware of the terms of the plea negotiation that Mr. Midell had with the United States?

A. Yes, sir, I am.

Q. That included that he plead guilty to a crime, did it not?

A. Yes, sir, it did.

Q. And, in fact, and that crime should be a felony, is it not?

A. Yes.

Q. And no recommendation as to what the judge would ever give Mr. Midell, did it not?

A. Yes.

(Tr. 136) No objection was raised to this line of questioning nor did the district court give an instruction limiting the purpose for which the jury might consider the agent's testimony.

## I.

On appeal, Ojukwu argues that the admission of testimony regarding Midell's guilty plea without a curative instruction was plain error. We disagree.

In its brief and at oral argument the defendant relied heavily upon this circuit's decision in *United States v. Bryza*, 522 F.2d 414 (7th Cir.1975). In that case Bryza objected to the testimony by two witnesses that they had pled guilty to the same charges for which Bryza was being tried. This court nevertheless upheld the admission of the testimony finding that "defense counsel opened the door to the subject" by suggesting to the jury "that the government had singled out Bryza for prosecution and punishment, while permitting his co-schemers to go free." *Id.* at 424–25. The *Bryza* decision did suggest that "In some cases this entire problem could be avoided by simply allowing counsel to bring out the fact that the co-defendants were indicted, thus avoiding the impression that the government is being unfair without telling the jurors that the co-defendants had actually admitted their guilt." *Id.* at 425. But *Bryza* cannot be read to require this alternative technique, or to suggest plain error must be found if this preferred questioning is not used.

Unlike *Bryza*, the jury here was not instructed as to the limited purpose for which evidence of a co-conspirator's guilty plea may be admitted. Also unlike *Bryza*, however, no objection was raised to the admission of the evidence or the court's failure to give a curative instruction. The failure to object distinguishes the present case from most of the precedent relied upon by the defendant. *See, e.g., United States v. Halbert*, 640 F.2d 1000, 1004 (9th Cir.1981); *Bisaccia v. Attorney General of State of N.J.*, 623 F.2d 307, 309 (3rd Cir.1980).

Ojukwu argues that the failure to give a limiting instruction even absent objection is plain error citing the Fifth Circuit's decision in *United States v. Harrell*, 436 F.2d 606, 614–15 (5th Cir.1970). The Fifth Circuit has since made plain that when "defense counsel does not request that a curative instruction be given, the failure of the trial judge to give one will not require reversal." *United States v. DeLucca*, 630 F.2d 294, 299

(5th Cir.1980). Citing *Harrell,* the *DeLucca* opinion stated that plain error will "[o]nly be found in those rare instances in which other 'aggravating circumstances' have exacerbated the prejudice." *Id.* In the present case testimony as to Midell's guilty plea was mentioned only twice: in redirect of the ATF agent immediately after a suggestion of a "deal" brought out in cross-examination and in the government's closing argument again in response to a suggestion by defense counsel of the unfair treatment of Ojukwu. (Closing Statement Tr. 19) Under the circumstances of this case we do not find the trial court's failure to give *sua sponte* a curative instruction to be plain error.

## II.

Ojukwu also claims that the government improperly vouched for Vopravil's credibility by having him read his immunity agreement indicating he would be subject to prosecution for perjury if he testified falsely, by stating in opening argument that Vopravil would testify "truthfully," and by commenting in closing that Vopravil had "fill[ed] us in on the details of this conspiracy." Again Ojukwu's trial counsel made no objection to Vopravil's testimony or government counsel's comments and Ojukwu must establish plain error to justify reversal on these grounds. We do not find that Vopravil's reading of his immunity agreement was by itself plain error. *See United States v. Creamer,* 555 F.2d 612, 617–18 (7th Cir.1977). Nor do the government counsel's few comments raise it to that level.

We similarly find no merit in Ojukwu's contention that he may not be convicted of *conspiring* to make a material false statement to a federally licensed firearms dealer merely because the dealer seems not to have ultimately been deceived.

For the reasons stated, defendant Charles Ojukwu's conviction is AFFIRMED.